# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES P. BAILEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0182** (BOR Appeal No. 2048745)
                    (Claim No. 2012009867)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner James P. Bailey, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed an August 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 30, 2011; December 15, 2011; and December 23, 2011, decisions which denied a request to add lumbar sprain/strain to the claim, denied a request for a lumbar MRI and physical therapy, and closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey, a coal miner, was injured on September 15, 2011, while working underground when a large piece of rock fell and struck his head. He was treated that day at Raleigh General Hospital where he reported neck pain, stiffness, and a headache. The employee's and physician's report of injury indicates that he injured his head and neck. The claim was held compensable for contusion of the face, scalp, and neck. On September 26, 2011,

Mr. Bailey was again treated at Raleigh General Hospital where he reported lower back pain that began that morning with no acute injury. He was diagnosed with lumbar sprain/strain. Mr. Bailey was referred to Rajesh Patel, M.D., who diagnosed thoracic sprain, lumbar sprain, and lumbar radiculitis.

A physician's review was performed by James Dauphin, M.D., on October 7, 2011. Dr. Dauphin opined that, due to the late onset, Mr. Bailey's lumbar sprain/strain did not occur at work and should not be added to the claim. He also stated that treatment for the condition should be denied. The StreetSelect Grievance Board recommended denying the addition of lumbar sprain/strain to the claim as well as a request for authorization of a lumbar MRI and physical therapy. It stated that Mr. Bailey was treated for neck and head injuries on the date of the injury. He went to the hospital eleven days later and reported lumbar pain. At that time, he denied an injury to his lumbar spine but did note the September 15, 2011, head and neck injury. The Board found that any residuals from the compensable injury would have manifested sooner, and there was not enough evidence to connect the lumbar sprain/strain to the injury that occurred more than a week prior.

The claims administrator denied the request to add lumbar sprain/strain to the claim on November 30, 2011. On December 15, 2011, the claims administrator denied a request for a lumbar MRI and physical therapy. The claim was closed for temporary total disability benefits on December 23, 2011. Mr. Bailey has also alleged, in a separate case, that he injured his thoracic spine as a result of the compensable injury. On January 2, 2013, the Office of Judges affirmed the claims administrator's denial of a request to add thoracic sprain as a compensable component of the claim and authorize an MRI and physical therapy. The Office of Judges found that Mr. Bailey sustained only a head and cervical injury and did not injure his thoracic or lumbar spine on September 15, 2011.

A second physician's review was performed by Rebecca Thaxton, M.D., on January 16, 2012, to determine whether the thoracic spine should be added as a compensable component of the claim. Dr. Thaxton stated that, pursuant to West Virginia Code of State Rules § 85-20-37.2 (2006), Mr. Bailey is outside of the timeframe guideline for the development/onset of symptoms of low to mid-back sprain/strain injuries as a result of the compensable injury. The treatment note from the date of injury does not document any lower back pain or injury, and on examination that day the lower back was non-tender with painless range of motion. There was no diagnosis regarding the mid to lower back. Dr. Thaxton opined that Mr. Bailey did not develop pain until ten days later, which does not correlate with a work-related injury. She also noted that he has degenerative changes of the lumbar and thoracic spine.

An independent medical evaluation was performed on July 26, 2012, by H. R. Fleschner, D.C.C.R.P. He opined that Mr. Bailey suffered a traumatic lumbar sprain, a herniated disc radiculitis ligamentous sprain, and a traumatic thoracic sprain with bulging. The lumbar and thoracic injuries were not yet at maximum medical improvement. He stated that all of the conditions are the result of the compensable injury. Prasadarao Mukkamala, M.D., disagreed in a September 13, 2012, independent medical evaluation. Dr. Mukkamala found that Mr. Bailey did not injure his lumbar or thoracic spine at the time of the compensable injury. He stated that a

sprain/strain would have caused pain within twenty-four hours of injury. Mr. Bailey did not develop pain until several days later and was not working when the pain occurred.

The Office of Judges affirmed the claims administrator's decisions in its August 30, 2013, Order. It determined that the real issue at bar is whether lumbar sprain/strain is a compensable condition in the claim. It stated that it has already been determined by the claims administrator and the Office of Judges in a January 2, 2013, Order that the only compensable components of the claim are injuries to Mr. Bailey's head and cervical spine. Records from Raleigh General Hospital show that he had no lumbar or thoracic pain until September 26, 2011. On that date, he reported that he woke up in pain and that he had sustained no lower back injury. The Office of Judges found that Drs. Mukkamala, Thaxton, and Guberman all stated that a sprain or strain will result in an immediate onset of pain no more than twenty-four hours after the injury. The Office of Judges determined that it is illogical to believe that the lumbar and thoracic spine pain, which manifested eleven days after the injury, could possibly be the result of the compensable injury. Because the lumbar spine is not a compensable component of the claim, the Office of Judges found that the requested physical therapy and MRI should not be authorized. The Office of Judges also found that Mr. Bailey is not entitled to temporary total disability benefits because he was not disabled for more than three days as required under West Virginia Code § 23-4-5 (2003). The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 27, 2014.

On appeal, Mr. Bailey argues that he timely reported that he injured his back. Also, Alpha Natural Resources, Inc., stated in its report of injury that he injured his shoulders, back, and neck. Alpha Natural Resources, Inc., asserts that the medical evidence clearly shows that Mr. Bailey's lumbar spine was not injured on September 15, 2011, and the Office of Judges and Board of Review were correct to deny his requests to add the condition to the claim, allow temporary total disability benefits, and authorize the requested medical benefits.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The medical evidence does not indicate that Mr. Bailey's lumbar spine condition is the result of his compensable injury. He did not report pain in his lumbar spine on the day of the compensable injury. He reported, eleven days later, that he woke up that morning with lumbar spine pain and that he had suffered no known lumbar spine injury. The evidentiary record indicates that pain from a lumbar sprain/strain would have developed within twenty-four hours of an injury. That did not occur in this case. Mr. Bailey has failed to sustain his burden of proof to establish that a lumbar sprain/strain resulted from the compensable injury. He therefore is not entitled to the requested MRI and physical therapy because they are for treatment of a non-compensable condition. He was not disabled from working for more than three days and therefore is also not entitled to temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

3

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

Justice Brent D. Benjamin, disqualified